**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAMARR ROWELL, | No. 19-17141 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00337-MMD-CBC |
| v. | |
| JAMES E. DZURENDA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 26, 2020**

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Nevada state parolee Lamarr Rowell appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging due process and equal

protection claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Heck v. Humphrey*, 512 U.S. 477 (1994)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim).  We affirm.

The district court properly dismissed Rowell's action as *Heck*-barred because success on his claims would necessarily imply the invalidity of his conviction or sentence, and Rowell has not demonstrated that his conviction has been invalidated.  *See Heck*, 512 U.S. at 486-87 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Thornton v. Brown*, 757 F.3d 834, 842 (9th Cir. 2013) ("[P]risoner may challenge the 'fact' or 'duration' of imprisonment only through a habeas proceeding." (citations omitted)); *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (parolee is in custody for purposes of federal habeas review).

We affirm the dismissal, but remand to the district court with instructions to amend the judgment to reflect that the dismissal is without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED; REMANDED with instructions to amend the judgment.**